IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
CERTAIN UNDERWRITERS AT                   )
LLOYD'S, LONDON, as Subrogee of           )
GERALD FABIANO, FREDERIC                  )
FABIANO and MARIE FABIANO,                )
    Plaintiffs                             )
                                          )     C.A. No.: 1:15-cv-14246
v.                                        )
                                          )
27 WIGGLESWORTH STREET, LLC,              )
    Defendant                              )
_____)

## COMPLAINT AND JURY DEMAND

The plaintiffs, Certain Underwriters at Lloyd's, London ("Underwriters"), as Subrogee of Gerald Fabiano, Frederic Fabiano, and Marie Fabiano, allege as follows:

### PARTIES

1. Underwriters are business entities organized and existing under the laws of Great Britain and Wales, and they are qualified to transact business in Massachusetts, subject to Massachusetts' excess and surplus lines statutes.

2. Gerald Fabiano, Frederic Fabiano, and Marie Fabiano ("the Fabianos") are the owners of property located at 25 Wigglesworth Street, Roxbury, Massachusetts ("the Property"), which, at all times relevant hereto, was insured pursuant to an insurance policy, Policy No.: XSZ30006, through Underwriters (hereinafter "the insurance policy").

3. Upon information and belief, the defendant, 27 Wigglesworth Street, LLC (the "defendant"), is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 1607 Tremont

St. Unit 1, Boston, Massachusetts. At all times relevant hereto, the defendant owned the building at 27 Wigglesworth Street, Roxbury, Massachusetts.

## JURISDICTION AND VENUE

4. The jurisdiction of this court is proper pursuant to 28 USC §1332 as this action is between citizens of different states/countries and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. Venue is proper in this district pursuant to 28 USC §1391 as the events or omissions giving rise to the claims at issue occurred within this district and the defendant is subject to personal jurisdiction within the district.

## FACTS

6. The plaintiffs re-allege and incorporate by reference each and every allegation above as though fully set forth herein.

7. On June 30, 2014, the defendant's tenants of 27 Wigglesworth Street, Roxbury, Massachusetts utilized a hibachi/barbeque grill (hereinafter "the grill) on the rooftop deck and caused an uncontrolled fire at 27 Wigglesworth Street, Roxbury, Massachusetts.

8. The fire spread to the Property and caused significant damage to the Property.

9. As a result of the fire damage, the Fabianos submitted a claim to Underwriters and Underwriters were caused to pay the sum of Seventy-Nine, Four Hundred Thirty-Four Dollars and Seventy Cents ($79,434.70) under the insurance policy.

10. Underwriters now seek to enforce their subrogation rights against the defendant for the damages paid under the insurance policy, which was in full force and effect at all times relevant hereto.

11.   The Fabianos suffered loss for which the defendant is liable and legally responsible.

12.   The Fabianos had an existing, assignable cause of action against the defendant for the amounts paid by Underwriters, which action the Fabianos could have asserted on their own behalf, had the Fabianos not been compensated for the loss by Underwriters.  Underwriters compensated the Fabianos for the same loss for which the defendant is liable, which compensation was not voluntary, but a contractual obligation pursuant to the insurance policy. By doing so, Underwriters are subrogated to the rights of the Fabianos, to the extent of the payments issued pursuant to the terms of the insurance policy and pursuant to the doctrine of equitable subrogation.

## COUNT I
## NEGLIGENCE

13.   The plaintiffs re-allege and incorporate by reference each and every allegation above as though fully set forth herein.

14.   The defendant owed a duty of reasonable care to the Fabianos.

15.   The defendant breached this duty by and through its employees, agents and servants, acting within the scope and course of their employment, as follows:

    a.   causing or allowing grills to be used in an unsafe manner;

    b.   allowing use of grills on its rooftop deck;

    c.   failing to ensure that fire extinguishers or other suppression means were accessible to tenants in case of a fire; and/or

    d.   otherwise causing or allowing an uncontrolled fire to occur.

16.   As a result of this breach, the defendant directly and proximately caused the fire, and the resulting damages sustained by the Fabianos.

17. As a direct and proximate result of the negligence of defendant, Underwriters incurred the monetary damages alleged herein and/or proved at trial.

WHEREFORE, the plaintiffs, Certain Underwriters of Lloyd's, London, as Subrogee of Gerald Fabiano, Frederic Fabiano and Marie Fabiano, demand judgment in their favor and against the defendant, 27 Wigglesworth Street, LLC, in the amount of Seventy-Nine, Four Hundred Thirty-Four Dollars and Seventy Cents ($79,434.70), plus interest and costs, attorneys fees, and any such further relief that the Court deems just and equitable.

## JURY DEMAND

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

Plaintiffs,

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,

By their attorneys,

/s/ Christopher P. Flanagan
Christopher P. Flanagan, BBO# 567075
Christopher.Flanagan@WilsonElser.com
WILSON ELSER
260 Franklin Street – 14th Floor
Boston, MA 02110-3112
Dated: December 30, 2015         (617) 422-5306

4

1108146v.2